IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEREMY LEE CONLIN, | § | |
| TDCJ-CID NO.01293724, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-06-1817 |
| | § | |
| BARBARA LANGE, *et al.*, | § | |
| Defendants. | § | |

## OPINION ON DISMISSAL

Plaintiff Jeremy Lee Conlin, a state inmate, filed the pending civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants engaged in malicious prosecution or rendered ineffective assistance of counsel at his trial for the felony offense of sexual assault of a child. (Docket Entry No.1). Plaintiff has been granted leave to proceed *in forma pauperis*. (Docket Entry No.15). Plaintiff seeks a new trial and compensatory damages. (Docket Entry No.1). For the reasons to follow, the Court will dismiss plaintiff's federal claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff's pleadings reflect the following chronology of events pertinent to his claims in the pending complaint:

- February 24, 2005 - plaintiff entered a guilty plea to the offense of sexual assault of a child in the 9th State District Court of Montgomery County, Texas, in cause number 04-10-08389-CR. The state district court accepted plaintiff's plea and assessed punishment at fifteen years confinement in TDCJ-CID.

- March 17, 2005 - plaintiff filed a *pro se* letter, which the state district court construed as motion for new trial.

- April 4, 2005 - plaintiff requested the letter not be considered a motion for new trial. Attorney E. Tayce Bond was appointed to represent plaintiff on appeal.

- April 27, 2005 - Attorney Jarrod L. Walker was appointed to replace Attorney Bond as counsel.

- May 9, 2005 - plaintiff filed a motion to withdraw his request for the state district court to not consider the March 17th letter as a motion for new trial.

- May 31, 2005 - plaintiff's motion for new trial was overruled by operation of law.

- June 30, 2005 - plaintiff's conviction became final under state law.  On the same day, plaintiff filed a state habeas application.

- July 11, 2005 - plaintiff filed a *pro se* notice of appeal.

- July 18, 2005 - plaintiff filed an amendment to his previous instruction about his motion for new trial and motion to cancel withdrawal.

- August 22, 2005 - plaintiff filed an amended state application for habeas corpus relief.

- August 24, 2005 - petitioner's direct appeal was dismissed for want of jurisdiction.[1]

- October 5, 2005 - plaintiff filed a second amended habeas application. Thereafter, he filed supplemental and/or amended habeas applications on November 2, 4, 8, 29 and December 19 and 28, 2005.

- March 15, 2006 - the Texas Court of Criminal Appeals dismissed plaintiff's state habeas application because a direct appeal was pending on the date the application was filed.

- October 9, 2006 - plaintiff's second state habeas application was submitted to the Texas Court of Criminal Appeals,[2] where it is currently pending.

In the present action, plaintiff complains of the following with respect to each defendant:

1.   Complainant Barbara Lange falsely accused him of sexual assault;

---

[1]   *Conlin v. State*, No. 09-05-00332-CR, 2005 WL 2036236 (Tex. App.–Beaumont 2005, no pet.) (not designated for publication)

[2]   *See* http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2261290

2.      Trial attorney Scott Pawgan rendered ineffective assistance of counsel. He was court-appointed and therefore, had a conflict of interest. He also failed to bring plaintiff's case to trial when the evidence against plaintiff was contradictory;

3.      Prosecutor Marcia Tillman engaged in malicious prosecution. There was no probable cause to prosecute plaintiff, no medical evidence to support the charges against him, and contradictory testimony that material evidence had been tampered with. Tillman also failed to have an open file policy during the pre-indictment period;

4.      Following his appointment on April 25, 2005, Attorney Jarrod Walker failed to pursue a direct appeal or new trial on the ground that plaintiff's plea was involuntary. He thereafter failed to provide assistance of counsel;

5.      Texas Governor Rick Perry has failed to maintain an appropriate vehicle for challenging the legal sufficiency of the evidence under Article 11.07 of the Texas Code of Criminal Procedure and has failed to appoint appellate judges, who do not affirm claims of insufficient evidence on appeal;

6.      Attorney General Greg Abbott and Assistant Attorney General Matthew Paul pursued plaintiff's conviction without evidence to support such conviction;

7.      The State of Texas and the Judiciary Committee of the Texas Legislature violated plaintiff's constitutional rights under article 62 of the Texas Code of Criminal Procedure by not requiring the prosecuting attorney to provide a criminal defendant with open access to the State's file and by violating his right to privacy;

8.      The State of Texas and the Texas Legislature have endangered plaintiff's life from vigilante actors and have subjected him to double jeopardy by requiring him to register as a sex offender;

9.      Attorney Eric Tayce Bond, who was appointed on March 15, 2005, to represent plaintiff on appeal, failed to let the state district court know he was appointed in error; failed to assist plaintiff in protecting and preserving his right to new trial; and provided no assistance of counsel in challenging plaintiff's involuntary plea;

10.    April Knudsen failed to protect plaintiff's right to an appeal.

(Docket Entry No.1).

3

<u>DISCUSSION</u>

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). Because plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  42 U.S.C. 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e)(c) and 28 U.S.C. § 1915A(b).  In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)).  A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).  Under that standard, courts must assume that plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.  *Id.* (citations omitted).

4

<u>Defendants Lange, Tillman, Abbott, and Paul</u>

Plaintiff complains that the following defendants violated his constitutional rights:

a.    Complainant Barbara Lange filed a false report that plaintiff had sexually assaulted her.

b.    By advocation, prosecutor Matthew Paul engaged in malicious prosecution on behalf of Texas Attorney General Greg Abbott.

c.    Prosecutor Marcia Tillman engaged in malicious prosecution because there was no reliable evidence to support the charge against plaintiff.

(Docket Entry No.1).

In *Heck v. Humphrey*, the Supreme Court held that "[a] section 1983 claim that effectively attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been 'reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996) (quoting *Heck*, 512 U.S. 477, 486-87 (1994)). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 486-87. When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Id.* at 487. If it would, the court must dismiss the complaint unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id. Heck* also applies to claims for injunctive relief. *Edwards v. Balisok*, 520 U.S. 641, 643 (1997); *Clarke v. Stalder*, 154 F.3d 186 (5th Cir. 1998) (finding favorable ruling on request for injunctive relief would necessarily imply the invalidity of loss of good-time credits).

5

Plaintiff's pleadings do not reflect that his conviction has been invalidated.  Moreover, a favorable judgment on his claims of insufficient evidence and malicious prosecution would necessarily imply the invalidity of his conviction and sentence.  Therefore, plaintiff's federal civil rights claims against defendants Lange, Tillman, Abbott, and Paul are not cognizable and must be dismissed.

Defendants Walker, Bond, and Knudsen

Plaintiff also complains that his court-appointed attorneys violated his constitutional rights as follows:

a.  Trial counsel Scott Pawgan's interests as a court-appointee and as plaintiff's counsel were in conflict after Pawgan discovered that medical evidence in the case did not support the charge against plaintiff.  Although Pawgan knew the evidence to be contradictory, he did not pursue a trial on the merits.

b.  Attorney Eric Bond failed to inform the state court that he had been appointed appellate counsel in error and failed to provide any assistance to preserve plaintiff's rights to a direct appeal or a new trial.

c.  Attorney Jarrod Lee Walker rendered ineffective assistance because he refused to file a direct appeal.

d.  Attorney April Knudsen failed to protect his right to an appeal.

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements:  that the conduct complained of was committed under color of state law, and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States.  *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990).  A court-appointed attorney, like a public defender, does not act under color of state law when performing the traditional functions of counsel to a criminal defendant.  *Polk County v.Dodson*, 454 U.S. 312, 325 (1981).  For this reason, a court-appointed attorney is unamenable to suit under § 1983.  *Id.*

Plaintiff's pleadings reflect that Pawgan was plaintiff's court-appointed attorney at trial and Bond, Knudsen, and Walker were his court-appointed attorneys on appeal.  As such, Pawgan, Bond, Knudsen, and Walker are not state actors and are not subject to suit under § 1983.  Because plaintiff cannot prove any set of facts in support of his claim against Pawgan,[3] Bond, Knudsen, and Walker under § 1983, his claims against them will be dismissed.

<u>The State of Texas, the Texas Legislature and Governor Perry</u>

Plaintiff complains that the State of Texas and the Texas Legislature violated his constitutional rights by not requiring the prosecuting attorney to provide a criminal defendant, and not just the defendant's trial attorney, with access to the State's file.  There is no constitutional right to discovery in a criminal case and the Supreme Court's opinion in *Brady v. Maryland*,[4] which addresses exculpatory evidence, did not create one.  *Gray v. Netherland*, 518 U.S. 152, 168 (1996); *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).  Therefore, the State's failure to provide plaintiff with access to its file is of no constitutional moment.

Plaintiff also complains that the State of Texas and the Texas Legislature have endangered his life from vigilante actors, who seek to avenge sexual assault victims, and have subjected him to double jeopardy by requiring him to register as a sex offender.  Plaintiff's claims are challenges to his sentence and the conditions of his release; therefore, these claims sound in habeas.  Because the pleadings reflect that plaintiff has not exhausted his state remedies with respect to these habeas claims, the Court will dismiss this claim without prejudice.

---

[3]   Plaintiff's claim that trial counsel Pawgan rendered constitutionally ineffective assistance of counsel is also barred by *Heck v. Humphrey.*

[4]   373 U.S. 83 (1963).

A liberal construction of plaintiff's complaint against Texas Governor Rick Perry is that Perry has failed to maintain an appropriate vehicle for challenging the legal sufficiency of the evidence under Article 11.07 of the Texas Code of Criminal Procedure and has failed to appoint appellate judges, who do not affirm claims of insufficient evidence on appeal.  Not only does plaintiff fail to state a federal constitutional claim against Perry; he fails to state a viable state law claim against Governor Perry.  Perry, as the chief executive of the State, lacks legal authority to correct any alleged ambiguity in the Code of Criminal Procedure, or to overrule case law, which establishes a procedural bar to challenges to the sufficiency of the evidence in state habeas applications.  He also lacks authority to instruct state appellate judges how to rule with respect to challenges to the sufficiency of the evidence.  Accordingly, plaintiff's claims against Perry will be dismissed with prejudice, as frivolous.

Plaintiff's claim that the State and the Judiciary Committee of the Texas Legislature have violated his right to privacy is conclusory.  Plaintiff has not stated any facts to show that his right to privacy has been violated.

<u>CONCLUSION</u>

Based on the foregoing, the Court ENTERS the following ORDERS:

1.    Plaintiff's civil rights complaint is DISMISSED WITH PREJUDICE, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.    Plaintiff's habeas claims are DISMISSED WITHOUT PREJUDICE.

3.    All motions, if any, are DENIED.

The Clerk will provide copies to plaintiff, to the TDCJ-ID Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, Texas 78711, Fax: 512-2159, and to the District Clerk for

the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention:

Betty Parker. The Clerk will provide copies of this Order to the parties.

Signed at Houston, Texas, this 7th day of November, 2006.


MELINDA HARMON
UNITED STATES DISTRICT JUDGE